COMMONWEALTH *vs.* HARRY PORTNOY.

Suffolk.     April 2, 1945. — May 9, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Lottery. Evidence,* Presumptions and burden of proof.

The provisions of G. L. (Ter. Ed.) c. 271, § 13, do not impose on one, charged under § 12 with the receipt of money for a "false and fictitious lottery ticket" and for a "writing in a fictitious and pretended lottery," the burden of negativing that he knew "the same to be false or fictitious"; and a conviction without evidence of such knowledge, an essential element of the crime charged, was reversed.

INDICTMENT, found and returned on April 20, 1943.

The case was tried before *Donnelly,* J.

*F. J. Monahan,* for the defendant.

*W. S. Kinney,* Assistant Attorney General, for the Commonwealth.

WILKINS, J.   The indictment for violation of G. L. (Ter. Ed.) c. 271, § 12, is in two counts, respectively charging that the defendant received from one Regan money "for a false and fictitious lottery ticket" and money "for a writing in a fictitious and pretended lottery," namely, "a game commonly known as 'number pool' . . . well knowing the same to be false and fictitious."   The defendant was found guilty by a jury, and his exceptions relate to the denial of his motion for a directed verdict of not guilty.

The defendant concedes that the jury on the evidence could have found that he was engaged in the business of selling tickets or writings in a lottery commonly known as "number pool," and that on December 16, 1942, he sold through an agent to one Regan, a police officer, for the sum of ten cents a ticket or writing in such a lottery.   The defendant introduced no evidence tending to prove any of the facts incumbent upon him under G. L. (Ter. Ed.) c. 271, § 13, which reads as follows: "Upon the trial of a person charged with any of the crimes mentioned in the preceding

section, a ticket or share of a ticket, or other writing or thing before mentioned, which the defendant has sold or offered for sale, or for which he has received a valuable consideration, shall be deemed false, spurious or fictitious, unless the defendant proves that the same was true and genuine, duly issued by the authority of some legislature within the United States, that such lottery was existing and undrawn and that such ticket or share thereof, or other writing or thing before mentioned, was issued by lawful authority and is binding upon the person who issued the same." But the crime denounced in § 12 is not the mere sale of either "a false or fictitious lottery ticket" or a "writing . . . in a fictitious or pretended lottery." There is the additional requirement that such sale be made by a person "knowing the same to be false or fictitious." While § 13 places the burden upon a defendant who makes a sale, to show that the ticket or writing was "true and genuine, duly issued by the authority of some legislature within the United States," that the "lottery was existing and undrawn," and that the ticket or writing "was issued by lawful authority" and was "binding upon the person who issued the same," it imposes upon him no burden of negativing that the sale was made "knowing the same to be false or fictitious." This is an important element of the offence. *Commonwealth* v. *Altenhaus*, 317 Mass. 270, 273. No such testimony was introduced, and its omission cannot be supplied from § 13. "The burden, which is thrown by this section upon the defendant, is contrary to the usual presumption of law," and is to be strictly applied. *Commonwealth* v. *Harris*, 13 Allen, 534, 537. The motion for a directed verdict should have been granted.

*Exceptions sustained.*
*Judgment reversed.*